# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLEONE RIEARA,**

      **Plaintiff,**

**v.**                                                                  **Case No:   6:19-cv-1517-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION[1]

Cleone Rieara ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits.  Doc. No. 1.  Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.  Doc. No. 18, at 11, 32, 37.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.  *Id.* at 38.  For the reasons stated herein, the Commissioner's final decision is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 13, 16–17.

## I. PROCEDURAL HISTORY.

In December 2015, Claimant filed an application for disability insurance benefits, alleging a disability onset date of July 15, 2015. R. 10, 300–06.[2] Claimant's application was denied initially and on reconsideration, and she requested a hearing before an ALJ. R. 200–02, 204-08, 210–11. On May 22, 2018, a hearing was held before the ALJ. R. 10, 140–65. Claimant and a vocational expert ("VE") testified at the hearing. *Id.* Although Claimant was represented by a non-attorney representative, an attorney with the representative's office appeared at the hearing with Claimant. *See id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 10–25. Claimant sought review of the ALJ's decision by the Appeals Council. R. 295–96. On June 28, 2019, the Appeals Council denied the request for review. R. 1–6. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

## II. THE ALJ'S DECISION.[3]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a). R. 10–25.[4] The ALJ found that Claimant met the

---

[2] The record also contains an "Application Summary for Disability Insurance Benefits," stating that the Social Security Administration spoke with Claimant and completed her application on July 8, 2016. R. 307. It is unclear from the record whether this application summary relates to the application at issue, or whether Claimant filed a separate application. In any event, the issues Claimant raises in this appeal relate to the application filed in December 2015. *See* R. 300–06.

[3] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 18. Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and

insured status requirements of the Social Security Act through March 31, 2021. R. 13. The ALJ concluded that Claimant had not engaged in substantial gainful activity from the alleged disability onset date of July 15, 2015. *Id.* The ALJ found that Claimant suffered from the following severe impairments: status post left trigger thumb release; left index trigger finger; right thumb trigger finger; and bilateral carpal tunnel syndrome. *Id.* The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18.

Based on a review of the record, the ALJ found, through the date of last insured, that Claimant had the residual functional capacity ("RFC") to perform a range of light work as defined in the Social Security regulations,[5] but that "she can frequently but not constantly bilaterally operate hand controls, finger, and handle; cannot do any dangerous balancing such as on beams; and must avoid hazards such as commercial driving, dangerous unshielded machinery, unprotected heights, open water, and flames." R. 18.

After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was able to perform past relevant work as a scanner, as generally

---

work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[5] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

performed. R. 23. Accordingly, the ALJ concluded that Claimant was not disabled from the alleged disability onset date through the date of the decision. R. 24.

## III. STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. ANALYSIS.

In the Joint Memorandum, which I have reviewed, Claimant raises two assignments of error: (1) the ALJ erred in his consideration of the medical opinions of record, including those of Joan Martich, M.D., Claimant's primary care physician; Alan Christensen, M.D., an orthopedic

specialist; and Karen Marrero, M.D., a state agency consultative examiner; and (2) the ALJ erred in assessing the credibility of Claimant's subjective complaints of pain. Doc. No. 18. I find the first issue dispositive in this case, in particular as it relates to the ALJ's consideration of the opinions of Dr. Martich and Dr. Christensen.

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. *Id.* § 404.1527(c). "These factors apply to both examining and non-examining physicians." *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e)).[6]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179 (citing *Phillips*, 357 F.3d at 1241).

Here, Claimant argues that the ALJ erred in his consideration of the opinions of three physicians: Drs. Martich, Christensen, and Marrero. Doc. No. 18, at 11–21. Claimant asserts

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

that each of these medical professionals opined, consistent with each other, to greater restrictions than found by the ALJ as it relates to Claimant's RFC, and "plainly establish" that she cannot meet the requirements of "light work." *Id.* at 12–13. Claimant argues that the ALJ failed to consider that these opinions were consistent with each other in the conclusion that she cannot lift or carry twenty (20) pounds, and that the ALJ erred in giving less than controlling weight to these opinions. *Id.* at 13–18. Claimant further contends that the ALJ erred in assigning "great weight" to the opinions of non-examining consultants who reviewed an "extremely limited" record. *Id.* at 18–19. Finally, Claimant argues that the ALJ disregarded the consistent opinions of the examining medical professionals "based upon nothing more than his own lay interpretation in favor of the stale opinions of non-examining consultants." *Id.* at 19–20.

In response, the Commissioner maintains that substantial evidence supports the ALJ's finding that opinions of Drs. Martich, Christensen, and Marrero were inconsistent with the record, and that the ALJ did not err in relying on the opinions of the state agency consultants. *Id.* at 21–27. The Commissioner also argues that the ALJ provided good cause reasons for giving little weight to the opinions of these physicians, in that the opinions were inconsistent with the record and with the specific evidence cited by the ALJ. *Id.* at 27–30.

On review, the Court finds that the ALJ's decision to give little weight to the medical opinions of record, specifically the opinions of Dr. Martich and Dr. Christensen, is not supported by substantial evidence. Dr. Martich is Claimant's primary care physician. R. 643. On April 5, 2018, Dr. Martich signed off on a treating source statement regarding Claimant's physical conditions. R. 643–46.[7] Dr. Martich also completed a treating source statement regarding

---

[7] In the Joint Memorandum, the Commissioner suggests that because the treating source statement regarding Claimant's physical conditions was completed by Sari Stender, PA-C, and only signed by Dr. Martich, that the opinions contained therein do not constitute the opinion of a treating physician. Doc. No. 18, at 29. On review of a record in this case, the Court rejects this contention. *See, e.g.*, *Viverito v. Colvin*,

Claimant's psychological conditions. R. 638–42.[8] As it relates to Claimant's physical impairments, Dr. Martich found, among other things, that Claimant could frequently lift and carry up to ten (10) pounds, but that she could never lift or carry twenty (20) pounds or more. R. 644. Dr. Martich opined that Claimant could continuously push/pull bilaterally, so long as the weight did not exceed ten (10) pounds. R. 645.

In the decision, the ALJ addressed Dr. Martich's opinions regarding Claimant's psychological and physical limitations collectively, finding as follows:

> In the current case, the undersigned gives these opinions little weight, as they are inconsistent with and not supported by the evidence as a whole, as is further detailed in the analysis of the State agency medical consultants' opinions above and the State agency psychological consultants' opinions below. Furthermore, they are internally inconsistent with this provider group's own findings and observations, which generally observed the claimant to be in no acute distress, with normal gait, normal muscle strength and tone, normal sensation to light touch, normal motor examination, normal coordination, an alert sensorium, normal orientation, memory, attention, language, and fund of knowledge, intact judgment and insight, normal mood and affect, and normal thought processes (Exhibit 7F).

R. 23.

Thus, the ALJ gave Dr. Martich's opinions little weight because they were: (1) inconsistent with the record and the findings of the State Agency medical consultants, to whose opinions he

---

No. 14-CV-7280 (JFB), 2016 WL 755633, at *13 (E.D.N.Y. Feb. 25, 2016) (collecting authority for proposition that "[w]hen a treating physician signs a report prepared by a nurse practitioner [or a physician's assistant] (an 'other source' whose opinions are not presumptively entitled to controlling weight), the report should be evaluated under the treating physician rule unless evidence indicates that the report does not reflect the doctor's views."); *see also McAninch v. Astrue*, No. 09-CV-0969, 2011 WL 4744411, at *15 (W.D.N.Y. Oct. 6, 2011) ("[N]o legal principle . . . states that a doctor must personally write out a report that he or she signs in order for it to be accorded controlling weight.").

[8] Claimant does not address or otherwise challenge the ALJ's consideration of any psychological impairments, and instead only addresses the ALJ's consideration of her physical impairments. Doc. No. 18. Accordingly, the undersigned likewise only addresses the medical opinions of record related to Claimant's physical impairments.

afforded great weight; and (2) inconsistent with Claimant's treatment notes. On review, the ALJ's decision in this regard is not supported by substantial evidence.

The ALJ's first reason for discounting Dr. Martich's opinions, that Dr. Martich's opinions were inconsistent with the "evidence as a whole" and the opinions of the State Agency medical consultants, is not supported by substantial evidence. As an initial matter, besides the opinions of the state agency consultants, the ALJ does not otherwise identify record evidence that he perceives to be inconsistent with Dr. Martich's opinions. *See, e.g.*, *Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 418 (11th Cir. 2015) (finding ALJ's reason—that record as whole was inconsistent with physician opinion—was insufficient to give little weight to medical opinion because the ALJ only referred to a discrete portion of the record to make that finding). Nor does the ALJ explain how the opinions of the non-examining consultants otherwise provide a basis to provide little weight to Dr. Martich's opinions. It is well settled in this Circuit that "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (citing *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1093–94 (11th Cir. 1985)); *see also Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) ("The good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a nonexamining physician where it contradicts the report of the treating physician"). "The opinions of state agency physicians cannot outweigh the contrary opinion of a treating physician unless that opinion has been properly discounted (which is not the case here)." *Cooper v. Astrue*, No. 8:06-cv-1863-T-27TGW, 2008 WL 649244, at *3 (M.D. Fla. Mar. 10, 2008) (citing *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987); *Broughton*, 776 F.2d 960).

The ALJ's second reason fares no better. The ALJ cites several normal examination findings to support his decision to give Dr. Martich's opinions little weight. However, those normal examination findings are not necessarily inconsistent with Claimant's inability to lift or carry twenty pounds or more, Claimant's restrictions on lifting or pulling, or any other physical restrictions to which Dr. Martich opined. *See* R. 23. *Cf. Perez*, 625 F. App'x at 418 ("[T]he ALJ cited Dr. Meruelo's conclusions (1) Perez had no impairment to her ambulation or dexterity; (2) she could tandem and heel-to-toe walk; (3) her joints were normal; and (4) she had 5/5 strength in her arms, and 4+/5 and 1+/5 strength in her lower extremities. None of these conclusions directly contradicts Perez's inability to lift 10 pounds or to walk or sit for more than an hour in a workday or any other limitations Dr. Hasbun found to exist."). Moreover, a review of Exhibit 7F, cited by the ALJ, demonstrates that Claimant's physicians consistently reported that Claimant had pain in both hands. *See, e.g.*, R. 575, 580, 583, 588, 590, 592 602, 607, 613–14. Accordingly, standing alone, the ALJ's perceived inconsistency between Claimant's medical records (Exhibit 7F) and Dr. Martich's opinions on Claimant's physical restrictions is not supported by substantial evidence. *See also Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 735–36 (11th Cir. 2017) ("The mere fact that a doctor's judgments about a claimant's work-related limitations are not expressly reflected in treatment notes does not necessarily mean that the judgments are inconsistent with the treatment notes.").

Regarding the ALJ's consideration of the opinions of Dr. Christensen, Dr. Christensen is an orthopedic specialist, whom Claimant saw for worker's compensation purposes. R. 458. Dr. Christensen diagnosed Claimant with status post left trigger thumb release with persistent pain; bilateral carpal tunnel syndrome; left index finger trigger; and right trigger thumb. *E.g.*, R. 448. Dr. Christensen opined, among other things, that Claimant had permanent work restrictions of no

lifting, pushing, or pulling greater than 15 pounds.  R. 446, 458.  Dr. Christensen noted that such opinion was based on a functional capacity evaluation performed by Debbie Sean, MPT.  R. 447.

In the decision, the ALJ gave Dr. Christensen's opinions little weight "for the same reasons as stated in the analysis of Dr. Martich's opinion, as the degree of the limitations opined are inconsistent with and not supported by the evidence as a whole, as is further detailed in the analysis of the State agency medical consultants' opinions."  R. 23.  The ALJ also noted that "the final opinion rendered by this physician is noted to be based on a functional capacity evaluation performed by a Debbie Sean, M.P.T., which was not submitted."  *Id.*

As discussed above, substantial evidence does not support the ALJ's decision to give little weight to the opinions of Dr. Martich.  Thus, the ALJ's reliance on the "same reasons" to discount the opinions of Dr. Christensen is likewise not supported by substantial evidence.  As to the ALJ's notation regarding the functional capacity evaluation performed by Debbie Sean, M.P.T., it is not clear from the decision whether the ALJ was relying on the absence of such form in the record to discount Dr. Christensen's opinions.  Without further explanation from the ALJ, the Court does not find that the absence of such functional capacity evaluation from the record, standing alone, provides good cause to discount Dr. Christensen's opinions.

In sum, the ALJ did not provide good cause reasons, supported by substantial evidence, for giving little weight to the opinions of Drs. Martich and Christensen.  Therefore, the Court must reverse and remand this matter for further administrative proceedings.  *See, e.g.*, *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1336 (M.D. Fla. 2003) (remand warranted where ALJ fails to properly weigh medical opinions in Social Security case).

Because the ALJ's consideration of the opinions of Drs. Martich and Christensen is dispositive of this appeal, the Court declines to address Claimant's remaining assignments of error.

*See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 24, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record